UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCHELL RENEE MOORE,

   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
_____/

Case No. 12-13606

ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER ADOPTING REPORT AND RECOMMENDATION [13] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13] AND DENYING PLAINTIFF'S MOTION TO REMAND [12]**

On August 29, 2013, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") [13] recommending that Defendant's Motion for Summary Judgment [11] be granted and that Plaintiff's Motion for Summary Judgment [9] be denied. Plaintiff filed an Objection [14] on September 12, 2013.

For the reasons stated below, the Report and Recommendation is ADOPTED and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

## I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full. The Court only further notes that in the July 6, 2009 accident, Plaintiff was rear-ended while wearing a seatbelt and the air bags did not deploy.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d

284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### III. Analysis

Plaintiff's treating physician, Dr. Valerie Hudson, opined that Plaintiff has been disabled since July 6, 2009. In her objection, Plaintiff argues that the ALJ violated the Treating Physician's Rule by not adopting Dr. Hudson's opinion. Plaintiff objects to the R&R's conclusion that the ALJ gave good reasons for giving limited weight to her treating physician's opinion. While Plaintiff made this argument before the Magistrate Judge and it is discussed in the R&R, the Court will review it here *de novo*. 28 U.S.C. § 636(b)(1)(c). Specifically, in her objection, Plaintiff cites the fact that she complained of having the highest level of pain several times to doctors as evidence of her disability. She also cites the fact that her complaints of neck and back pain were

consistent the entire time she was treating with Dr. Hudson and Universal Health Group. Plaintiff's argument that the ALJ violated the Treating Physician's Rule is meritless because there is substantial evidence in the record that Plaintiff was not disabled. The ALJ's explicitly gave the objective medical evidence and specialists' opinions more weight than the subjective evidence upon which Plaintiff premises her objection.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Id*. Additionally, ALJs must "always give good reasons" for the weight accorded to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2).

The ALJ considered all of the mandatory factors. The ALJ noted Plaintiff's eighteen-month treatment relationship with Dr. Hudson, as well as the fact that she saw

Dr. Hudson roughly monthly. The ALJ noted that Dr. Hudson is a general practitioner. The ALJ also noted that Dr. Hudson repeatedly prescribed pain medications and referrals to specialists, but only detailed Plaintiff's limitations upon Plaintiff's attorney's request. The ALJ noted that Dr. Hudson's opinion that Plaintiff is disabled was not supported by or consistent with the record as a whole. Specifically, the ALJ noted that objective imaging studies and the opinions of the specialists were inconsistent with Dr. Hudson's opinion that Plaintiff is disabled. The ALJ stated that because the objective evidence contradicted Dr. Hudson's subjective opinion, he gave Dr. Hudson's opinion "limited weight" despite the fact that she was the treating physician. *See* Tr. [7-2] at 22.

Objective imaging studies did not indicate any significant injuries. Plaintiff sought emergency care at a hospital immediately after the July 6, 2009 accident. A CT scan of Plaintiff's brain and X-rays of her spine taken immediately after the July 6, 2009 accident were negative. Tr. [7-7] at 6. Dr. Vivek Sehgal opined that Plaintiff's August 2009 MRI indicated "minimal degenerative changes." Tr. [7-7] at 41. None of the imaging studies done on Plaintiff indicated any significant damage or injuries.

Specialists' opinions were consistent with the objective imaging studies. In August 2009, Dr. Terry Viviani, a chiropractor, opined that Plaintiff could perform light duties after she had had three chiropractic treatments with him. Plaintiff saw a neurologist, Dr. Thomas Giancario, in late 2009. After ordering new MRIs, in early

2010, Dr. Giancario opined that Plaintiff's imaging studies were unremarkable, despite some atypical findings that were clinically insignificant. Dr. Joel DeGuzman, a psychiatrist, opined that Plaintiff had a slight decreased range of motion. Tr. [7-7] at 165.

In spite of the results of the imaging studies and specialists' opinions, Dr. Hudson opined that Plaintiff had been disabled since July 6, 2009. Dr. Hudson's opinion that Plaintiff is so severely disabled is inconsistent with other substantial evidence in the record as outlined above. This Court is satisfied that the ALJ's determination that Plaintiff is not disabled was based on substantial evidence and that the ALJ gave good reasons for giving Dr. Hudson's opinion limited weight.

### IV. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [13] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [11] is **GRANTED**. Plaintiff's Motion for Summary Judgment [9] is **DENIED**.

**SO ORDERED**.

Dated: September 20, 2013

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge